■ DAISY ROWELL, Respondent, v TEACHERS' RETIREMENT BOARD OF THE TEACHERS' RETIREMENT SYSTEM OF THE CITY OF NEW YORK, Appellant.—Order of the Supreme Court, New York County (Ira Gammerman, J.), entered November 1, 1985, which granted plaintiff-respondent's cross motion for summary judgment on her fourth cause of action asserting an unlawful reduction of her retirement pension, granted defendant-appellant's motion to dismiss the first cause of action on Statute of Limitations grounds, denied defendant-appellant's motion for summary judgment dismissing the complaint, and ordered a hearing to assess damages, is unanimously reversed, on the law, the award of summary judgment on plaintiff's fourth cause of action vacated and defendant-appellant's motion to dismiss the complaint for failure to state a cause of action granted, without costs.

Upon her retirement as a school secretary on April 30, 1977, plaintiff, Daisy Rowell, began receiving monthly pension payments of $176.55. This amount was calculated from a final five-year average salary figure pursuant to the provisions of the Teachers' Retirement System (TRS), specifically, Administrative Code of the City of New York § B20-1.0 (18).

On November 30, 1978, defendant-appellant, Teachers' Retirement Board (TRB), recomputed plaintiff's pension payment. This time, TRB applied a three-year average salary period, pursuant to Retirement and Social Security Law, article 11, § 443, which provided a monthly figure of $194. In

1981, plaintiff's pension benefits were computed yet another time, and the TRB returned to the use of the final five-year average salary figure as directed by Administrative Code § B20-1.0 (18), which produced a lower monthly figure of $179.22. Plaintiff was advised of this adjustment by letter dated September 28, 1981, and informed that she had been overpaid and would be expected to reimburse the TRB in the amount of $881.33.

Plaintiff subsequently commenced this action on February 27, 1985, alleging a statutory entitlement to the use of the three-year average salary computation pursuant to Retirement and Social Security Law § 443, seeking restoration of her benefits to the $194 level, and contending that the TRB had breached her contract rights, violated a fiduciary duty owed her and violated her due process rights. The TRB moved to dismiss the complaint for failure to state a cause of action and advanced the defenses of Statute of Limitations and sovereign immunity.

Plaintiff cross-moved for summary judgment on her fourth cause of action, which asserted breach of her pension contract. Special Term granted plaintiff summary judgment on this cause of action, finding that she was entitled to the higher rate of pension benefits derived from the use of the three-year average salary figure under Retirement and Social Security Law § 443. A trial to assess damages was ordered. Defendant's motion to dismiss was only granted to the extent of dismissing, as time barred, the Federal due process cause of action asserted in the complaint.

In 1973, as part of the major restructuring of public retirement systems in New York, the Legislature enacted a new Retirement and Social Security Law article 11, which was aimed at containing spiraling pension costs and benefits. A year later, an amendment to article 11 was passed making the provisions of article 11 applicable to those who joined or rejoined a public retirement system after July 1, 1973 and prior to July 1, 1976. (Plaintiff joined the TRS on March 1, 1975, and was granted prior service credit amounting to over 11 years.)

Retirement and Social Security Law, article 11, § 440 (a) provides that in the event of a conflict between the provisions of article 11 and those of any other law pertaining to a retirement system, the provisions of article 11 shall control. Section 443 then provides that the salary base to be used to compute retirement benefits "shall be the average salary earned by such a member during any three consecutive years

which provide the highest average salary". July 1, 1973, was the retroactive effective date of the application of the new article 11 to municipal retirement systems (L 1973, ch 1046, § 91; 1973 McKinney's Session Laws of NY, at 1957). As of that date, therefore, the provisions of article 11 supplanted the provisions of any other law or code not consistent with article 11.

In 1974, among the amendments the Legislature enacted to the Retirement and Social Security Law was a new section 440 (b) to article 11, providing that "[t]he provisions of this article shall not be construed to extend coverage to an employee not otherwise eligible for membership in a retirement system or to provide an increase in benefits to a member of a retirement system other than as provided by section four hundred forty-eight of this article."* This section clearly precludes the use of any provision of article 11 to increase pension benefits over the level that a member would obtain absent article 11. This serves the stated purpose of the amended article 11 in "halt[ing] the alarming rise in taxpayer costs for retirement benefits for public employees." (Governor's approval memorandum, 1973 McKinney's Session Laws of NY, at 2343.) Enactment of the provision for the three-year average salary base was similarly directed at controlling unusually high pension payments. *(Id.)*

Although acknowledging that this was the objective of Retirement and Social Security Law § 440 (b), Special Term nevertheless ruled that it did not apply to plaintiff because it was directed at those persons who were already receiving pension benefits at the time article 11 became effective, which plaintiff was not. This reading of Retirement and Social Security Law § 440 (b) is erroneous. The statutory language refers to members of a retirement system and this incorporates both retirees and those still in employment. Thus, Retirement and Social Security Law § 440 (b) does apply to plaintiff and it does operate to prevent plaintiff from obtaining an increase in benefits to which she would not have been entitled absent the provisions of article 11. Accordingly, defendant TRB was correct in recomputing plaintiff's benefits pursuant to Administrative Code § B20-1.0 (18). The order appealed from is, therefore, reversed, the award of summary judgment to plaintiff on her fourth cause of action vacated and defendant's motion to dismiss the complaint for failure to

---

* Retirement and Social Security Law, article 11, § 448 deals with death benefits and is not applicable to this case.

state a cause of action granted. Concur—Sandler, J. P., Sullivan, Carro and Rosenberger, JJ.