Matter of Addoo v NYC Bd. of Educ. (2019 NY Slip Op 04887)





Matter of Addoo v NYC Bd. of Educ.


2019 NY Slip Op 04887


Decided on June 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2019

Gische, J.P., Webber, Kahn, Kern, JJ.


9657 101569/14

[*1]In re Marie Addoo, Petitioner-Appellant,
v
NYC Board of Education, Respondent-Respondent.


Marie Addoo, appellant pro se.
Zachary W. Carter, Corporation Counsel, New York (Barbara Graves-Poller of counsel), for respondent.



Judgment, Supreme Court, New York County (Shlomo Hagler, J.), entered December 22, 2015, denying the petition, inter alia, to annul respondent's determination, dated November 5, 2014, which upheld petitioner's "Unsatisfactory" annual performance review rating for the 2013-2014 school year, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Contrary to petitioner's argument, there was no discontinuance of employment (see e.g. People v Grasso, 54 AD3d 180, 211 [1st Dept 2008]). Petitioner voluntarily resigned. Petitioner failed to show that the U-rating was arbitrary and capricious or made in bad faith (see Matter of Murname v Department of Educ. of the City of N.Y., 82 AD3d 576 [1st Dept 2011]). Respondent's determination to uphold the U-rating has a rational basis in the record, which shows repeated instances of pedagogical deficiencies during the 2013-2014 school year, as well as a failure to improve.
To the extent petitioner challenges her pension calculation, respondent is not the proper party against which to bring her claims (see e.g. Rowell v Teachers' Retirement Bd. of Teachers' Retirement Sys. of City of N.Y., 123 AD2d 558 [1st Dept 1986], lv denied 69 NY2d 604 [1987]). These claims could not in any event be entertained, because petitioner failed to exhaust her administrative remedies (see Feher v John Hay Coll. of Criminal Justice, 37 AD3d 307 [1st Dept 2007], lv dismissed in part, denied in part 9 NY3d 885 [2007], cert denied 552 US 1187 [2008]).
We have considered petitioner's remaining arguments and find them either unpreserved or otherwise unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2019
CLERK